**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 05-1208

GAETANO P. DELUCA,

Plaintiff, Appellant,

v.

TOWN OF HINGHAM, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Robert E. Keeton, <u>Senior U.S. District Judge</u>]

Before

Selya, Lynch, and Lipez, <u>Circuit Judges</u>.

<u>Gaetano P. DeLuca</u> on brief pro se.
<u>Stacey G. Bloom</u>, <u>William P. Breen, Jr.</u>, <u>James A. Toomey</u> and
<u>Murphy, Hesse, Toomey & Lehane</u> on brief for appellees.

November 21, 2005

**Per Curiam**.  After carefully considering the briefs and record on appeal, we _affirm_ the judgment below.[1]

In relevant part, the appellant argues that the elements of claim preclusion were not satisfied because a final judgment on the merits was not rendered in his earlier, state action.  However, the dismissal of the state action as time-barred was a judgment on the merits.  _See_ Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 228 (1995).  _See also_ DaLuz v. Dep't of Corr., 434 Mass. 40, 45 (2001)(outlining elements of claim preclusion).

Irrespective of claim preclusion, he also argues that fairness required entertaining the merits of his claims.  Although claim preclusion may perpetuate inequity in some particular cases, the doctrine's salutary purposes of promoting repose and judicial economy would be undermined by making ad hoc determinations of the equities in individual cases.  United States v. Cunan, 156 F.3d 110, 119 (1st Cir. 1998); Rose v. Town of Harwich, 778 F.2d 77, 82 (1985).

Affirmed.  _See_ 1st Cir. R. 27(c).

---

[1] Accordingly, we deny the appellant's remaining, pending motions.

-2-